IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

vs.                                                                                                     CIV-03-991 JC/WDS

PVNF, L.L.C., d/b/a Chuck Daggett Motors and
Big Valley Auto,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *Plaintiff's Motion in Limine to Exclude all Evidence Concerning Claimant's Personal Relationship [sic] a Non-Harasser*, filed October 15, 2004 (*Doc. 40*). The Court, having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, finds the Motion well-taken in part and it is, therefore, granted in part.

**I.**        **Background**

This action is brought pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff alleges that Defendant engaged in workplace discrimination by subjecting Marla Segovia to gender and sex harassment by Defendant's officials, including but not limited to Alva Carter and Chuck Daggett. Randy Van Leuven, whose testimony is the subject of this Motion, was an employee of Defendants who is not alleged to have contributed in any way to the harassment at issue in this matter. Ms. Segovia and Mr. Van Leuven apparently engaged in a brief, consensual, romantic and sexual

relationship while both Segovia and Van Leuven were married to other people. Following the extra-marital affair, Segovia and Van Leuven maintained a close but platonic friendship for some time. Plaintiff presently seeks exclusion of all evidence pertaining to the personal relationship between Segovia and Van Leuven from trial of this matter.

II.  **Discussion**

Plaintiff initially urges the Court to make a broad ruling that "any and all evidence, whether testimonial, videotape or documentary, that is related to Marla Segovia's relationship with Randy Van Leuven is inadmissible and that no comment be made to the jury on this matter." Mot. at 5. In support of its position, Plaintiff asserts that because Van Leuven is not himself alleged to have harassed Segovia, the relationship is irrelevant and thus inadmissible under Fed.R.Evid. 401. Plaintiff further argues that even if the relationship were relevant, such evidence would be so highly prejudicial and inflammatory that any minimal probative value would be outweighed by the danger of unfair prejudice to Ms. Segovia under Fed.R.Evid. 403. Finally, Plaintiff makes an unsupported assertion that "such information is also inadmissible under F.R.E. 112."[1] *Id.*

Defendant responds that testimony from Van Leuven is relevant insofar as Van Leuven was Segovia's friend and confidante and, as such, his testimony is relevant to Segovia's claims of harassment by others in the workplace and the emotional damages she allegedly suffered as a result.

In Plaintiff's Reply, the ruling requested is much narrower than that sought in the Motion. Plaintiff states, "Defendant should not be allowed to present any evidence of Ms. Segovia's brief, consensual sexual encounter and romantic relationship with Mr. Van Leuven as the evidence is

---

[1]Defendant makes an equally unsupported assertion that "F.R.E. 412 does not apply." Resp. at 3.

irrelevant and inadmissible." Reply at 6. With Plaintiff's modified request, the Court agrees.

## III.   Conclusion

The Court finds that evidence of an illicit, extramarital, sexual or romantic affair between Ms. Segovia and Mr. Van Leuven is not relevant to any issue to be decided in this case and, even if it were, it is of such a highly prejudicial nature that it is properly excluded, notwithstanding any minimal probative value it might have. Fed.R.Evid. 401, 403. Thus, such evidence will not be admitted in the trial of this matter. The Court further finds, however, that Van Leuven may testify to matters outside of the sexual or romantic affair provided Defendant can establish the necessary foundation at trial.

WHEREFORE,

**IT IS ORDERED** that *Plaintiff's Motion in Limine to Exclude all Evidence Concerning Claimant's Personal Relationship [sic] a Non-Harasser*, filed October 15, 2004 (*Doc. 40*), is GRANTED IN PART such that any and all evidence pertaining to the sexual and/or romantic relationship between Ms. Segovia and Mr. Van Leuven is excluded from trial of this matter.

DATED March 7, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Loretta Medina, Esq.
    Veronica A. Molina, Esq.
    Equal Employment Opportunity Commission
    Albuquerque, New Mexico

       Mary Jo O'Neill, Esq.
       C. Emanuel Smith, Esq.
       Equal Employment Opportunity Commission
       Phoenix, Arizona

Counsel for Defendant:

       Linda G. Hemphill, Esq.
       Stephanie Fuchs, Esq.
       Linda G. Hemphill, P.C.
       Santa Fe, New Mexico