IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISISON,

                       Plaintiff,

vs.                                                                                                                                               CIV-03-991 JC/WDS

PVNF, L.L.C., d/b/a Chuck Daggett Motors and
Big Valley Auto,

                       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Plaintiff EEOC's Motion for Partial Summary Judgment as to Any Defense Based Upon Conciliation*, filed October 15, 2004 (*Doc. 46*). The Court, having considered the Motions, the parties' submissions, the relevant authority, and being otherwise fully advised, finds the Motion well-taken and it is, therefore, GRANTED.

**I.**      **Background**

This action arises from charges of gender discrimination filed with the EEOC by two of Defendant's former female employees. Prior to commencing suit, the EEOC investigated the allegations of discrimination. After conducting its investigation, the EEOC concluded that there was reasonable cause to believe Defendant violated Title VII of the Civil Rights Act of 1964 by subjecting Ms. Segovia and a class of female employees to severe and pervasive harassment resulting in a hostile work environment and disparate treatment in the compensation, terms, and privileges of the women's employment based on their female gender. The EEOC further found reasonable cause to believe that

Ms. Segovia was retaliated against by Defendant for engaging in opposition to employment practices made unlawful by Title VII.  Finally, the EEOC's investigation yielded reasonable cause to believe that Ms. Segovia was constructively discharged by PVNF's discriminatory and retaliatory treatment of her.

Following its investigation, on February 5, 2003, the EEOC's Enforcement Manager sent Defendant a Letter of Determination which included a brief discussion of the allegations and an invitation to Defendant to engage in a collective effort toward resolution of the charges.  Medina Aff., Ex. B.  Specifically, the letter states in pertinent part, "[h]aving determined that there is reason to believe that a violation has occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter."  *Id.*  On February 12, 2003, Defendant responded to the EEOC in writing, stating that it was "ready to participate in meaningful conciliation efforts" but that Defendant had no information supporting the EEOC's finding of disparate treatment of Ms. Segovia.  Def's Mot. Dis., Ex. 6.  On February 26, 2003, the EEOC again communicated in writing with Defendant, which communication outlined the EEOC's initial conciliation proposal seeking, *inter alia*, backpay and compensatory damages for Ms. Segovia in the total amount of $150,000, reflecting $100,000 in back pay and $50,000 in compensatory damages.  Medina Aff., Ex. F.  That letter also states, "[p]lease respond to this proposed conciliation offer, make a counter offer or advise me of Respondent's position on conciliation on or before March 7, 2003."  *Id.*  Defendant made no offer in conciliation.  Further, Defendant, through its counsel, expressed an understanding that if Defendant made no offer by March 27, 2003, the EEOC would refer the case to its legal department and conciliation would be considered formally failed.  Medina Aff., Ex. 1.  On April 2, 2003, the EEOC again provided written communication to Defendant, through Defendant's counsel,

2

indicating that the EEOC considered conciliation attempts to have failed and that EEOC would not make any further attempts at conciliation but would instead forward the case to its legal department. Medina Aff., Ex. C.  Defendant did not contact EEOC from April 2, 2003 through August 25, 2003 to request resumption of conciliation efforts.

Plaintiff EEOC presently moves the Court for summary judgment disposition in its favor on any defense relying upon the EEOC's alleged failure to satisfy the requirements of conciliation efforts as prerequisite to filing suit[1].

## II.   Legal Standard

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  For purposes of a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party.  *Id*.  The moving party has the initial burden of showing that there is no genuine issue of material fact.  *Id.* at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim, as "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986).

The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256.  To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise

---

[1] In fact, on the same undisputed facts, Defendant also asserts entitlement to judgment as a matter of law regarding the EEOC's statutory requirement to attempt conciliation in good faith. *See Defendant's Motion for Summary Judgment*, filed October 18. 2004 (*Doc. 50*), ¶ 10.

3

manner in which that evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597.

### III.  Discussion

The sole issue before the Court is the sufficiency of the conciliation attempts made by the EEOC prior to filing this lawsuit. Section 706(b) of Title VII states that:

> if the Commission determines . . . that there is reasonable cause to believe that [a] charge [of unlawful employment practice] is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.

42 U.S.C. § 2000e-5(b). Accordingly, the EEOC is required to make a sincere and reasonable effort at pre-litigation conciliation by providing the employer with an opportunity to respond to the allegations and negotiate a possible settlement in resolution thereof. *EEOC v. Prudential Fed. Sav. and Loan Assoc.*, 763 F.2d 1166 (10th Cir. 1985). The EEOC contends that it complied with the statutory pre-litigation conciliation requirements as a matter of law.

Defendant argues that the EEOC fell short of its obligation by failing to provide "sufficient details of its investigation to allow it to respond or evaluate EEOC's offer to settle the sex discrimination 'class' for $200,000, an amount so sufficiently in excess of what Plaintiff could recover on behalf of the two women who comprise the class...as to evidence bad faith." Resp. at 1, 2. Regarding Defendant's contention that the information provided to it was insufficient in detail, the Court first notes that Defendant supports such assertion by incorporating its Motion for Summary Judgment and Memorandum in Support, filed October 18, 2004 (*Docs. 50 and 51*) by reference. The Court declines, however, to sift through those voluminous filings, which comprise in excess of forty-

4

eight pages of text with hundreds of pages of exhibits attached thereto, in an attempt to glean what particular proposition contained therein might be interpreted to support the assertion made here. The only other legal argument Defendant offers in support of its contention that the EEOC provided insufficient details is a vague reference to *EEOC v. Prudential Fed. Sav. and Loan Assoc.*, 763 F.2d 1166, the same case relied upon by the EEOC in support of the *sufficiency* of the information provided to Defendant at the conciliation phase. Upon reviewing that case, the Court finds that the Tenth Circuit indeed made clear that the EEOC need not "prove discrimination to the employer's satisfaction" before filing suit. *Id.* at 1169. Instead, the EEOC is required to provide the employer an opportunity to respond to all charges and negotiate possible settlements. *Id.* At this juncture, the Court also notes Defendant's admission that its own agent, pre-litigation, determined the claims here to be "frivolous" and decidedly would not engage in negotiations with the EEOC. Daggett Depo. at 224-225:25, 1-9; Resp. at 3, ¶ 8. This fact begs an obvious question. Upon what ground did Defendant determine the allegations were "frivolous" if it so lacked information on the validity of the claims as to render it incapable of evaluating them for pre-litigation conciliation? On the record before it, the Court finds that the information provided by the EEOC was sufficient in detail.

In support of its excessive recovery/bad faith argument, Defendant cites to 42 U.S.C. § 1981 a(3)(A), asserting that the maximum amount of compensatory and punitive damages that can be obtained against an employer such as Defendant who has more than 14 but fewer than 101 employees is $50,000 per employee, while the EEOC "demanded" $150,000 on behalf of Ms. Segovia. Resp. at 2, 3. First, the Court notes that no such "demand" was made by the EEOC. Rather, the EEOC's letter of February 26, 2003 lists the $150,000 dollar amount for Ms. Segovia among its "proposed terms of conciliation." Medina Aff., Ex. F. The Court finds such "proposed terms of conciliation"

5

reflect an invitation to negotiate an informal resolution and nothing more.

Moreover, insofar as Defendant's bad faith argument is based upon the dollar amount of damages proposed for Ms Segovia must also fail, for Plaintiff correctly asserts that the Civil Rights Act of 1991 exempts Title VII back pay, interest thereon, and any other type of relief available under Title VII from the compensatory and punitive damage limitations of the Act.  42 U.S.C. § 1981 A(b)(2).  Thus, the dollar amount articulated in the EEOC's initial proposal of February 26, 2003 did not exceed the statutory maximum recovery and cannot form the basis for bad faith negotiations on the part of the EEOC.

Finally, Defendant argues that the proposed terms of the EEOC's February 26th proposal letter were non-negotiable by virtue of the letter articulating a March 7th deadline for response thereto.  Resp. at 3.  The Court finds this argument wholly unavailing, for the deadline was reasonable under the circumstances and the terms were, again, expressly referred to by the EEOC as "proposed terms," indicating that they were, in fact, negotiable.  Defendant chose not to engage in pre-litigation negotiations with the EEOC.

## IV.    Conclusion

In summary, the Court finds no genuine issue of material fact in need of resolution on the issue of the sufficiency of the pre-litigation conciliation efforts on the part of the EEOC in this matter. The Court hereby determines that the EEOC satisfied its statutory obligation to engage in informal conciliation as a matter of law.  Accordingly, Defendant may not rely on insufficiency of conciliation efforts in its defense of this litigation.

WHEREFORE,

**IT IS ORDERED** that *Plaintiff EEOC's Motion for Partial Summary Judgment as to Any*

*Defense Based Upon Conciliation*, filed October 15, 2004 (*Doc. 46*) is GRANTED.

Dated March 9, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Loretta Medina, Esq.
    Veronica A. Molina, Esq.
    Equal Employment Opportunity Commission
    Albuquerque, New Mexico

    Mary Jo O'Neill, Esq.
    C. Emanuel Smith, Esq.
    Equal Employment Opportunity Commission
    Phoenix, Arizona

Counsel for Defendant:

    Linda G. Hemphill, Esq.
    Stephanie Fuchs, Esq.
    Linda G. Hemphill, P.C.
    Santa Fe, New Mexico