## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

vs.                                                                                  CIV-03-991 JC/WDS

PVNF, L.L.C., d/b/a Chuck Daggett Motors and
Big Valley Auto,

                Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendant's Motion to Determine that Claims Brought or Maintained by EEOC Were Frivolous, Unreasonable or Without Foundation*, filed July 29, 2005 (*Doc. 141*).  The Court, having considered the Motions, the parties' submissions, and the relevant authority, finds the Motion well-taken and it is, therefore, GRANTED.

I.    **Background**

On August 27, 2003, EEOC filed suit against Defendant on behalf of a "pregnancy class," alleging discrimination against Charging Party Tammy Hulce and Michelle Reid.  In its Complaint, EEOC also alleged on behalf of a "sex discrimination class," that Defendant had discriminated against Charging Party Marla Segovia and one class member, Joanne Richmond.

After filing but prior to commencement of discovery, Hulce decided not to pursue her claims. Defendant then agreed to settle the remaining pregnancy discrimination claim of Reid by entering into a Consent Decree, wherein it agreed to pay Reid the nuisance sum of $6,500 and further agreed to certain non-monetary terms, including training on discrimination. The Decree provides in pertinent

part that "Defendant expressly denies liability and enters into this agreement for the purpose of resolving this litigation without further expense or delay." (*Doc. 17, p. 2*).

The claims on behalf of Segovia and Richmond proceeded.  On September 17, 2004, the parties engaged in a Court-mandated settlement conference at which time Defendant reiterated the position it had maintained throughout the discovery process--that the claims brought by Richmond and Segovia were entirely frivolous and Defendant refused to pay any amount of money to settle those claims as a matter of principal.  Following the mandatory settlement conference, defense counsel wrote to EEOC's counsel formally outlining why Defendant believed that the claims brought by Richmond and Segovia were entirely frivolous and requesting that EEOC dismiss them.  Def's Mem. in Support, Ex. B.  It is clear from that correspondence that defense counsel's purpose was, at least in significant part, to place EEOC on notice of its intent to ultimately pursue attorney's fees and costs associated with its defense of this litigation.  On October 15, 2004, EEOC voluntarily dismissed its hostile work environment claim brought on behalf of Richmond, but it maintained the disparate treatment claim on Richmond's behalf and all claims on behalf of Segovia.  On March 17, 2005, the Court issued its Memorandum Opinion and Order (*Doc. 94*) granting in part Defendant's Motion for Summary Judgment (*Doc. 50*) and dismissing the sole remaining claim brought by EEOC on behalf of Richmond.  At that juncture, the Court allowed the claims brought on behalf of Segovia to proceed to trial because, viewing all evidence in the most favorable light to Plaintiff, summary judgment did not appear appropriate.  Because the question was close, the Court erred on the side of caution and allowed the claims to proceed.

Trial on Segovia's claims commenced on May 5, 2005.  On May 9, 2005, at the close of Plaintiff's case-in-chief, Defendant moved the Court for judgment as a matter of law pursuant to

Fᴇᴅ.R.Cɪᴠ.P. 50.  Following oral argument, the Court granted Defendant's motion.  On June 29, 2005, the Court entered its Findings of Fact and Conclusions of Law (*Doc. 135*) in support of its ruling at trial and also entered Final Judgment (*Doc. 136*) in favor of Defendant and against Plaintiff with prejudice.  On July 14, 2005, EEOC filed its document styled  "Motion to Amend the Court's Findings of Fact and Conclusions of Law and Final Judgment and Motion for a New Trial" (*Doc. 137*).  In a Memorandum Opinion and Order filed contemporaneously herewith, that motion is denied. Defendant presently moves the Court for a determination that claims brought or maintained by EEOC in this matter were frivolous, unreasonable or without foundation such that Defendant may seek recovery of attorney's fees.

## II.   <u>Legal Standard</u>

The relevant statute provides, in pertinent part:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commissions or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).  The statute commits an award of attorney's fees to a defendant to the trial court's discretion. *Id.  See also Carter v. Sedgwick County*, 929 F. 2d 1501, 1506 ( 10th Cir. 1991) ("We review the district court's award of attorney's fees under an abuse of discretion standard.").  In interpreting Congress' intent in adopting the above provision allowing potential recovery of attorney's fees to a prevailing defendant in a Title VII action, the Supreme Court held that "a district court may in its discretion award attorney's fees to a prevailing defendant...upon a finding that the plaintiff's action was frivolous, unreasonable, without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).  The

3

plaintiff's obligation to avoid frivolous litigation is a continuing one.  *See id.* at 422.  Thus, advocacy

of a claim after it is clearly no longer tenable may subject the plaintiff to attorney's fees even if the

complaint was not initially frivolous.  *See id*.

**III.    Discussion**

Marla Segovia's Claims

Courts considering the issue of awarding attorneys fees to a prevailing defendant have

identified three general factors which should guide the *Christianburg* inquiry into whether an award

of attorney's fees to a defendant is appropriate.  They are (i) whether the plaintiff established a prima

facie case; (ii) whether the defendant offered to settle; and (iii) whether the action was decided on

dispositive motions rather than at a trial on the merits.  *See Hughes v. Regents of the University of*

*Colorado*, 967 F. Supp. 431, 440 (D. Colo. 1996)(citing *Walker v. Nations Bank*, 53 F. 3d 1548,

1558 (11th Cir.1995)).  Here, Defendant did not offer to settle claims brought on behalf of Segovia

for any amount of money and Segovia's claims narrowly survived summary judgment and proceeded

to trial.  However, the Court does not determine these two facts to outweigh other considerations

in this case.  Defendant's posture regarding settlement should not be held against it where it has

become so clear that Plaintiff's case lacked merit.  Any determination otherwise on these facts would

unfairly discourage law-abiding defendants from seeking vindication solely because of the high price

associated with resisting EEOC and its abundant resources.  Nor, on these facts, should Defendant

be penalized for the Court's decision to allow the claims to proceed to trial.

Marla Segovia voluntarily resigned from her job; she was not constructively discharged.

Segovia admitted at trial that she told her coworker she quit because of PMS. Segovia further

expressed that her yearning to be available for her children had outweighed her desire to remain in

4

her job such that "it wasn't worth it anymore." Segovia admittedly attempted to regain employment at Defendant's dealership after having stormed off the job and quit because of a new pay plan she conceded she had not even fully evaluated. EEOC cannot bring a retaliatory discharge claim on behalf of a complainant without constructive discharge. Nor can EEOC claim a severe or pervasively hostile work environment, discrimination or harassment existed given the following matrix of operative facts: (1) gender-neutral comment about replacing workers with farmhands; (2) a passing comment about Segovia's husband getting a good deal on a car by virtue of his marital relationship; (3) a single offensive comment and gesture made by a coworker in response to Segovia's own sarcastic remark; and (3) a private email Segovia discovered when accessing her boss' password-protected electronic mail without his permission. EEOC is charged with evaluating claims prior to filing suit and throughout the litigation process and the evidence marshaled in this case does not support the claims asserted.

<u>Joanne Richmond's Claims</u>

EEOC's claim of hostile work environment on behalf of Richmond was voluntarily dismissed at the close of discovery. In light of this timely, voluntary dismissal, the Court does not find such claim to have been frivolous for purposes of awarding fees under 42 U.S.C. § 2000e-5(k). In light of the glaring lack of evidence produced in EEOC's unsuccessful attempt to resist summary judgment on its disparate treatment claim, however, the Court determines that EEOC had an obligation to recognize the utter lack of merit in that claim. Thus, continued pursuit of the disparate treatment claim on behalf of Richmond beyond the close of discovery was frivolous.

## IV. **Conclusion**

The Court remains mindful that not every case disposed of in favor of the defendant on a Rule

50 motion is appropriate for an award of attorney's fees.  *See Jane L. v. Bangerter*, 61 F. 3d 1505, 1513 (10th Cir. 1995) (holding that it is not alone enough that a court dismisses claims on a dispositive motion for a defendant to recover attorney's fees from a plaintiff).  This case, however, falls in the category of cases where such an award is appropriate.  EEOC not only offered insufficient evidence to support its claims at trial, but was forced to concede many points that undermined and defeated those claims.  EEOC continued to wield its administrative authority and expend  its time, money and efforts to pursue these claims even after it was apparent that they lacked merit[1].  Thus, the Court will exercise its discretion to award Defendant its reasonable attorney's fees upon proper application, such application to be made within fifteen (15) days of entry of this Order (*See Doc. 139*).

      Wherefore,

      **IT IS ORDERED** that *Defendant's Motion to Determine that Claims Brought or Maintained by EEOC Were Frivolous, Unreasonable or Without Foundation*, filed July 29, 2005 (*Doc. 141*) is GRANTED.

      Dated November 2, 2005.

                                _____
                                SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

      Loretta Medina, Esq.
      Veronica A. Molina, Esq.
      Equal Employment Opportunity Commission
      Albuquerque, New Mexico

---

[1]With the exception of the hostile work environment claim brought on behalf of Joanne Richmond, as discussed.

Mary Jo O'Neill, Esq.
C. Emanuel Smith, Esq.
Equal Employment Opportunity Commission
Phoenix, Arizona

Counsel for Defendant:

Linda G. Hemphill, Esq.
Stephanie Fuchs, Esq.
Linda G. Hemphill, P.C.
Santa Fe, New Mexico